Grafton School District,

    Plaintiff

v.                                                    Case No. 19-cv-1179

J.L., a minor, by and through
his parent and next friend, L.L.,

        Defendants.

## ANSWER AND COUNTER-CLAIMS

Defendants J.L, a minor by and through his parent and next friend, L.L.,

through their attorney, Jeffrey Spitzer-Resnick, hereby Answer Plaintiff's Complaint

and assert Counter-Claims, as follows:

### JURISDICTION AND VENUE

1.    Admitted

2.    Admitted

### THE PARTIES

3.    Admitted

4.    Admitted

### RELEVANT FACTS

5.    Admit the first sentence regarding the Student's age and dates of

      attendance at school in the District. Dispute the second sentence

      regarding what the Student excelled at as both inaccurate and

incomplete. Admit that the Student experienced difficulty with writing.

6. Admitted to the extent that these are general, though incomplete statements that do not reflect the full range of the Student's assets and challenges as fully reflected in the administrative record.

7. Admitted, although defendants assert the plaintiff asserts insufficient facts regarding the Student's IEP as the document speaks for itself.

8. Admitted.

9. Admitted, although defendants assert that the plaintiff's summary of Susan Carneol's report does not contain sufficient detail upon which the court may make a decision, and that her report speaks for itself.

10. Admitted.

11. Admitted.

12. Dispute that all of Carneol's recommendations were incorporated into the IEP, although admit that many of them were so incorporated, and that the document speaks for itself.

13. Admitted, although defendants assert that plaintiff's description of the goals is insufficient and that the document speaks for itself.

14. Admitted, although defendants assert that plaintiff's description of the goals is insufficient and that the document speaks for itself.

15. Dispute defendant's characterization of the Student's so-called success, as numerous facts in the record reveal otherwise.

2

16.     Admit regarding the Student's writing goal. Dispute that he met that goal. Admit that the District was unable to discern a process that worked consistently for the Student with respect to his writing. Dispute that the Student made progress towards his other goals, due to vagueness.

17.     Dispute due to vagueness.

18.     Admitted.

19.     Admitted.

20.     Admitted as to facts stated, however, dispute to the extent that the IEP contains far more information and the document speaks for itself.

21.     Admitted as to facts stated, however, dispute to the extent that the IEP contains far more information and the document speaks for itself.

22.     Admitted.

23.     Admit that the Parent repeatedly requested that the District test the Student's writing level. Dispute the legal conclusion that there are no regulations that mandated such testing. Admit that the Student's writing was assessed and determined to be at the third to fourth grade level. Dispute that the Student had previously shown grade-level proficiency in other areas associated with the overall functions associated with writing.

24.     Admitted.

25.     Admitted.

26. Admitted as to the first sentence regarding the five areas in which the class was assessed and as to the "no count" assessment, which the Student was given in writing. Dispute that the "no count" assessment neither hurt nor helped the Student. Dispute the teacher's intentions in not counting his writing and that failing to do so accurately reflected his learning profile. Dispute the description of an unnamed teacher's testimony as incomplete. The transcript speaks for itself. Dispute that the Student was graded using the same grading rubric as the other student's in the class as inherently inconsistent with the District's admission that it failed to count the Student's writing score. Assert that this non-standard grading technique was not authorized by the Student's IEP.

27. Admitted with the caveat that the Student's GPA included his artificially inflated grade in American Literature and Composition.

28. Admitted.

29. Admitted that the Student did not meet three goals. Dispute that one unnamed teacher believed the Student was making progress in writing, as the transcript speaks for itself.

30. Dispute as inaccurate and incomplete and assert that the documents speak for themselves.

31. Admitted.

32. Admitted.

33. Admitted.

4

34.     Denied due to vagueness. The document speaks for itself.

35.     Admitted.

36.     Admitted.

37.     Admitted.

38.     Admitted.

39.     Admitted, however, the progress reports contain additional

        information and the documents speak for themselves.

40.     Admitted with the clarification that said notice was in writing.

41.     Admitted.

42.     Denied.

43.     Denied.

44.     Admitted.

45.     Admitted, with the addition that on August 17, 2019, the District

        offered to mediate with the Parent, which the Parent ultimately

        accepted, although the mediation was unsuccessful.

46.     Admitted.

47.     Admitted, with the clarification that the District never issued a Notice

        of IEP meeting after the May 23, 2018 IEP meeting.

48.     Admitted, with the clarification that the Parent did not want her son,

        who was struggling, behind and shy, to have his programming

        interrupted

49.     Admitted, with the clarification that the Parent was unaware of these

        services, programming and support until hearing testimony from

District staff at the due process hearing since the District never reconvened the IEP team after May 23, 2018, and never revised the Student's IEP after May 23, 2018. Moreover, during the mediation between the parties, the District did not offer any of these services.

50. Dispute that the Parent failed to cooperate with the District to finalize the IEP as the Parent never failed to attend a duly Noticed IEP meeting. Admit that the parent made plagiarism allegations against a District employee. Admit that the District conducted what it asserts was an investigation of her allegation. Dispute that the district's determination was correct.

51. Admitted.

52. Admitted.

53. Admitted.

54. Admitted.

55. Dispute the District's assertion and instead assert that the ALJ's Decision and Order was made in accordance with a preponderance of the evidence and relevant statutory, regulatory and case law.

56. Dispute that the ALJ made errors of law and fact which are unidentified by the District.

57. Dispute that the ALJ failed to apply the correct legal standard or follow appropriate legal principles in making her decision and instead assert that the ALJ's Decision and Order was made in accordance with

6

a preponderance of the evidence and relevant statutory, regulatory and case law.

58.     Dispute that the ALJ failed to apply the correct legal standard or follow appropriate legal principles in making her decision and instead assert that the ALJ's Decision and Order was made in accordance with a preponderance of the evidence and relevant statutory, regulatory and case law.

59.     Dispute that the ALJ erred regarding the Student's speech and language needs and instead assert that the ALJ's Decision and Order was made in accordance with a preponderance of the evidence and relevant statutory, regulatory and case law.

60.     Dispute that the ALJ, as trier of fact, erred by crediting the Parent's testimony regarding the Student's needs. Further dispute that the ALJ relied on the Parent's testimony alone in rendering her decision as her decision clearly reflects a thorough review of the entire administrative record.

61.     Dispute that the ALJ, as trier of fact, relied on irrelevant evidence in making her decision. Assert that the ALJ properly found Parent's reasonable requests to have her son receive additional evaluation were credible due to the ongoing academic struggles experienced by the Student.

62.    Dispute that the ALJ, as trier of fact, erred by relying on evidence regarding the District's failure to provide sufficient progress reports to the Parent.

63.    Dispute that the ALJ erred by relying on the May 23, 2018 IEP, as there was no other IEP to rely upon, since the District failed to convene a subsequent IEP meeting or revise the May 23, 2018 IEP.

64.    Dispute that the ALJ erred by assigning blame to the District for failing to convene an IEP meeting subsequent to May 23, 2018, as the District is the only legal entity with the power to convene such a meeting.

65.    Dispute that the ALJ erred by determining that the May 2018 IEP was not reasonably calculated to enable the Student to receive a free public education (FAPE).

66.    Dispute that the ALJ's decision was tainted in any manner include that described by the District.

67.    Dispute that the ALJ erred by relying on the Student's failure to meet half of his goals and that those unmet goals were continued from year to year.

68.    Dispute that the preponderance of evidence in the administrative record demonstrates that the Student was making progress, and instead assert that the preponderance of evidence in said record demonstrates that the Student failed to receive FAPE.

69.    Admitted, with the caveat that the District's one paragraph summary of the law is insufficiently specific to this case.

8

70.    Dispute as the ALJ properly determined that the District should pay for the cost of the Student to attend Brehm because she properly determined that the District failed to provide the Student with FAPE during the 2017-18 school year or offer him FAPE in the 2018-19 school year.

71.    Dispute as the ALJ properly determined that Brehm was a proper placement for the Student. Moreover, in cases such as this, the law does not require the private school to meet the same standards as a public school in providing FAPE to the Student. Additionally, the administrative record clearly shows that the Student has made significant progress at Brehm because it has provided him with an appropriate education.

72.    Dispute that the ALJ erred by relying on the record in properly determining that Brehm was an appropriate placement for the Student.

73.    Dispute that the ALJ, as trier of fact, failed to sufficiently weigh the evidence in the record relating to the propriety of Brehm as an appropriate placement for the Student. The administrative record clearly shows that the Student has made significant progress at Brehm because it has provided him with an appropriate education.

74.    Dispute that the ALJ erred by rejecting the District's argument that the Parent acted unreasonably as only the District could convene an IEP meeting and revise the Student's IEP, which it failed to do. Further

9

assert that the Parent had valid reasons for rejecting the proposed IEP
date and that she never missed an IEP meeting for the Student when it
was duly noticed and scheduled.

75.     Dispute that the ALJ, as trier of fact, failed to give proper weight to the
evidence, which the District proffered regarding the Parent's actions.

## FIRST CAUSE OF ACTION
## Relief Under the IDEA (20 U.S.C. § 1415(i)(2); Wis. Stat. § 115.80)

76.     The Student repeats and reasserts its responses to each of the
District's allegations contained in Paragraphs 1-75 as if fully set forth
herein.

77.     Admit that the District has a right to bring a civil action to dispute the
findings of the due process hearing. Dispute that its characterization
of the standard of review is complete and proper.

78.     Admit that the district has been harmed by the ALJ's Decision and
Order. Dispute that the ALJ's Decision and Order contains legal errors,
was not sufficiently reasoned and is not supported by substantial
evidence and is clearly erroneous.

79.     Dispute as the preponderance of evidence in the administrative
record demonstrates that the District failed to provide the Student
with FAPE during the 2017-18 school year.

80.     Dispute as the preponderance of the evidence in the administrative
record demonstrates that the District failed to offer the Student a
FAPE for the 2018-19 school year.

81. Dispute as the preponderance of the evidence in the administrative record demonstrates that Brehm was an appropriate placement for the Student.

82. Dispute as the preponderance of the evidence demonstrates that the ALJ's Decision and Order properly ordered the District to reimburse the Parent for the expenses of the unilateral placement of the Student at Brehm due to the District's failure to provide him with FAPE during the 2017-18 school year and its failure to offer him FAPE during the 2018-19 school year and that Brehm was an appropriate placement for the Student.

83. Dispute as the preponderance demonstrates that the parent acted reasonably and that her actions pose no barrier to the ALJ's order that the District reimburse the parent for its failure to provide and offer FAPE to the student.

84. Dispute as the Parent is entitled to this Court's enforcement of the ALJ's properly rendered decision and order.

**FIRST COUNTERCLAIM-PREJUDGMENT INTEREST**
**Relief Under the IDEA (20 U.S.C. § 1415(i)(2); Wis. Stat. § 115.80)**

85. The Student repeats and reasserts its responses to each of the District's allegations contained in Paragraphs 1-84 as if fully set forth herein.

86. During the due process hearing the Parent presented evidence that she had to borrow money to pay the tuition and cover the expenses to

send the Student to Brehm and that she had to pay interest and other borrowing costs on said loans.

87.   Although the ALJ's Decision and Order is fully supported by the administrative record, the ALJ failed to make a determination regarding the Parent's claim that the District should pay the pre-judgment interest and borrowing costs incurred by the Parent in order to obtain FAPE for her son which the ALJ properly determined was denied and not offered by the District.

88.   The Parent continues to incur interest and borrowing costs on her loans to send the Student to Brehm and will submit the evidence at the time determined by the court as to the total amount of interest she has incurred to obtain FAPE for her son.

89.   The ALJ erred by failing to require the District to reimburse the Parent for the interest and borrowing costs, which she has incurred to send the Student to Brehm, as requiring the Parent to pay anything towards her son's attendance at Brehm is a denial of the "free" aspect of FAPE.

90.   The Parent is entitled to a Court award of pre-judgment interest and borrowing costs from the District in order to fully compensate her for the FAPE that the District denied and failed to offer to her son.

## SECOND COUNTERCLAIM-ATTORNEY'S FEES AND COSTS
### IDEA (20 U.S.C. § 1415(i)(3); Wis. Stat. § 115.80(9))

91.   The Student repeats and reasserts its responses to each of the District's allegations contained in Paragraphs 1-90 as if fully set forth herein.

92.    As the prevailing Parent in this matter, the parent is entitled to an order requiring the District to reimburse her for all reasonable attorney's fees and costs for the underlying due process hearing and for defending the District's appeal to this court of the ALJ's Decision and Order pursuant to 20 U.S.C. § 1415(i)(3); Wis. Stat. § 115.80(9).

93.    Accordingly, upon this Court's finding that the ALJ's determination and order was proper, this Court should Order the District to reimburse the Parent for all reasonable attorney's fees and costs incurred in the underlying due process hearing and during this federal court proceeding, as well as any interest incurred to pay said fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Student and Parent, respectfully request that the Court enter judgment as follows:

A.    That the Court deny any request to stay the ALJ's Decision and Order;

B.    That the Court uphold the ALJ's Decision and Order in its entirety and Order the District to reimburse the Parent for the tuition and transportation expenses to send her son to Brehm Preparatory School;

C.    That the Court further order the District to reimburse the Parent for all pre-judgment interest and borrowing costs which she incurred through the loans she took out to send her son to Brehm Preparatory School;

D.       That the Court further order the District to reimburse the Parent for all reasonable attorney's fees and costs, as well as interest she incurred to pay those fees and costs in order to prevail in the underlying due process hearing and in this federal court action; and

E.       Any other relief that the Court deems necessary and proper.


Respectfully submitted this 12th day of September, 2019.


                              s/Jeffrey Spitzer-Resnick
                              Jeffrey Spitzer-Resnick
                              Attorney for Defendants J.L. and L.L.
                              Systems Change Consulting, LLC
                              430 Sidney St.
                              Madison, WI 53703
                              (608) 206-7164
                              jspitznick@gmail.com